

Jeffrey Purcell and Andrea L. Purcell
655 Heather Stone Dr.
Merritt Island, FL 32953
In *pro per*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEFFREY PURCELL and ANDREA L. PURCELL, husband and wife, as individuals, *in pro per* <br><br> Plaintiff(s), <br><br> vs. <br><br> NAVIENT SOLUTIONS, LLC; SALLIE MAE; and Does 1-10, <br><br> Defendant(s). | Case No. 7:18-cv-06045-CS <br><br> **VERIFIED COMPLAINT** <br><br> **FOR RELIEF** <br><br> **(AMENDED)** <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT (AMENDED)

Plaintiffs, Jeffrey Purcell and Andrea L. Purcell, as individuals, hereby sues Defendant(s), Navient Solutions, LLC, and Sallie Mae for violations of the Telephone Consumer Protection Act (TCPA) Sec. 227., 47 USC § 227(b)(1), 47 USC § 227(a) (iii).

## PRELIMINARY STATEMENT

1. This is an action for damages and injunctive relief brought by Plaintiffs against Defendant(s) for violations of the Telephone Consumer Protection Act ("TCPA") Sec. 227., 47 USC § 227(b)(1), 47 USC § 227(a) (iii).

2. Upon belief and information, Plaintiff contends that many of these practices are widespread for the Defendant(s). Plaintiffs intend to propound discovery to Defendants identifying these other individuals who have suffered similar violations.

3. The TCPA allows for a private right of action at 47 U.S.C. §227(c)(5) which may include treble damages for willfully or knowingly violating the TCPA.

4. Plaintiffs contend that Defendants, are debt collectors and have violated such laws by repeatedly harassing Plaintiffs in attempts to collect alleged but nonexistent debt.

## JURISDICTION AND VENUE

5. Jurisdiction of this Court arises under 47 U.S.C. §227(b)(3), and supplemental jurisdiction exists for state law claims pursuant to 28 U.S.C. §1367.

6. Venue is proper pursuant to 28 U.S.C. §1391b. Venue in this District is proper in that the Plaintiffs resided here at the time the original complaint was filed, the Defendants transact business here, and a majority of the conduct complained of occurred here. Since Plaintiffs filed the original complaint, Plaintiffs have moved to a new residence located at 655 Heather Stone Dr., Merritt Island, FL 32953, however Defendants' conduct has not ceased.

7. There are no arbitration agreements between the parties, therefore, this cause of action is not subject to arbitration.

8. This is an action for damages which exceed $148,500.00.

## PARTIES

9. Plaintiffs, Jeffrey Purcell, ("Mr. Purcell"), and Andrea L. Purcell, ("Mrs. Purcell") are natural persons and residents of the State of New York.

10. Upon information and belief Defendants, Navient Solutions, LLC, ("Navient"), and Sallie Mae ("Sallie Mae"), are foreign corporations, authorized to do business in New York.

## FACTUAL ALLEGATIONS RE JEFFREY PURCELL V. NAVIENT

11. On or about 9-November-2017, Jeff Purcell sent Defendant Navient a Notice of Dispute, via UNITED STATES POSTAL SERVICE® REGISTERED MAIL™ Number RE 513 421 782 US, which included a demand to cease telephonic communications.

12. On 13-November-2017, Defendant Navient received Mr. Purcell's Notice of Dispute which included a demand to cease telephonic communications.

13. From 16-November-2017 through 28-June-2018, Navient violated the TCPA by calling Mr. Purcell's cell phone 39 times after receiving Mr. Purcell's demand to stop calling.

14. From 16-November-2017 through 28-June-2018, Navient willfully and knowingly violated the TCPA by leaving 39 recorded messages using automatic telephone dialing system or artificial or prerecorded voices on Mr. Purcell's cell phone.

15. Since Plaintiffs filed the original complaint on 3-July-2018, Defendant has not ceased placing calls to Plaintiffs' wireless phones.

///

///

## FACTUAL ALLEGATIONS RE JEFFREY PURCELL V. SALLIE MAE

16. On or about 8-November-2017, Jeffrey Purcell sent Defendant Sallie Mae a Notice of Dispute, via UNITED STATES POSTAL SERVICE® REGISTERED MAIL™ Number RE 513 278 732 US, which included a demand to cease telephonic communications.

17. On or about 1-December-2018, Plaintiff Jeffrey Purcell sent another Notice of Dispute, via UNITED STATES POSTAL SERVICE® FIRST-CLASS MAIL® which included a demand to cease telephonic communications.

18. On or about 18-December-2018, Defendant Sallie Mae confirmed receipt of Mr. Purcell's Notice of Dispute which included a demand to cease telephonic communications.

19. From 8-January-2018 through 28-June-2018, Sallie Mae willfully and knowingly violated the TCPA by leaving 9 recorded messages using automatic telephone dialing system or artificial or prerecorded voices on Mr. Purcell's cell phone.

20. From 8-January-2018 through 28-June-2018, Sallie Mae violated the TCPA by calling Jeffrey Purcell's cell phone 23 times after receiving Jeffrey Purcell's demand to stop calling.

21. Since Plaintiffs filed the original complaint on 3-July-2018, Defendant has not ceased placing calls to Plaintiffs' wireless phones.

## FACTUAL ALLEGATIONS RE ANDREA PURCELL V. NAVIENT

22. On or about 9-November-2017, Andrea Purcell sent Defendant Navient a Notice of Dispute, via UNITED STATES POSTAL SERVICE® REGISTERED MAIL™ Number RE 513 421 805 US, which included a demand to cease telephonic communications.

23. On 13-November-2017, Defendant Navient received Mrs. Purcell's Notice of Dispute which included a demand to cease telephonic communications.

24. From 16-November-2017 through 28-June-2018, Navient violated the TCPA by calling Mrs. Purcell's cell phone 19 times after receiving Mrs. Purcell's demand to stop calling.

25. Since Plaintiffs filed the original complaint on 3-July-2018, Defendant has not ceased placing calls to Plaintiffs' wireless phones.

**FACTUAL ALLEGATIONS RE ANDREA L. PURCELL V. SALLIE MAE**

26. On or about 18-December-2017, Andrea L. Purcell sent Defendant Sallie Mae a Notice of Dispute, *via UNITED STATES POSTAL SERVICE® REGISTERED MAIL™ Number RE 513 278 777 US*, which included a demand to cease telephonic communications.

27. On or about 8-January-2018, Defendant Sallie Mae confirmed receipt Mrs. Purcell's Notice of Dispute which included a demand to cease telephonic communications.

28. From 8-January-2018 through 28-June-2018, Sallie Mae willfully and knowingly violated the TCPA by leaving 14 recorded messages using automatic telephone dialing system or artificial or prerecorded voices on Mrs. Purcell's cell phone.

29. From 8-January-2018 through 28-June-2018, Sallie Mae violated the TCPA by calling Mrs. Purcell's cell phone 18 times after receiving Mrs. Purcell's demand to stop calling.

30. Since Plaintiffs filed the original complaint on 3-July-2018, Defendant has not ceased placing calls to Plaintiffs' wireless phones.

///

///

## COUNT I
## VIOLATIONS OF THE TELEPHONE
## COMMUNICATIONS ACT 47 U.S.C. §227

31. Plaintiffs allege and incorporate the information in paragraphs 1 through 30.

32. Defendants Navient and Sallie Mae have demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A) by using an automatic telephone dialing system to call the Plaintiff's phone numbers, which are assigned to a cellular telephone service.

33. Prior to Plaintiff filing the original complaint, Defendant Navient had committed 58 separate violations of 47 U.S.C. §227(b)(1)(A) and Plaintiffs are entitled to damages of $1500 per violation pursuant to 47 U.S.C. §227(b)(3)(B).

34. Defendant Navient has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A). All calls received by Jeffrey Purcell since 13-November-2018 are subject to treble damages pursuant to 47 U.S.C. §227(b)(3) as they were intentional. Since 16-November-2017, Navient refuses to discontinue placing calls to Purcell's cellular phones and continues to violate 47 U.S.C. §227. An unintentional call carries a damage amount of $500; an intentional call carries a damage amount of $1,500 per violation.

35. Defendant Navient has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A) by calling Mrs. Purcell's number, which is assigned to a cellular telephone service. The Plaintiff has never given Navient permission to call Plaintiff's cell phone. Plaintiff is entitled to damages of $1500 per violation pursuant to 47 U.S.C. §227(b)(3)(B). Plaintiff and Navient do not have an established business relationship within the meaning of 47 U.S.C. §227.

36. Prior to Plaintiff filing the original complaint, Defendant Sallie Mae had committed 38 separate violations of 47 U.S.C. §227(b)(1)(A) and Plaintiffs are entitled to damages of $1500 per violation pursuant to 47 U.S.C. §227(b)(3)(B).

37. Defendant Sallie Mae has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A). All calls received by Plaintiffs since 13-November-2018 are subject to treble damages pursuant to 47 U.S.C. §227(b)(3) as they were intentional. Since 16-November-2017, Sallie Mae refuses to discontinue calling Plaintiff's cellular phones and continues to violate 47 U.S.C. §227. An unintentional call carries a damage amount of $500; an intentional call carries a damage amount of $1,500 per violation.

38. Defendant Sallie Mae has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A) by calling the Plaintiff's phone numbers, which are assigned to a cellular telephone service. The Plaintiffs have never given Sallie Mae permission to call Plaintiff's cell phones. Plaintiffs are entitled to damages of $1500 per violation pursuant to 47 U.S.C. §227(b)(3)(B). Plaintiffs and Sallie Mae do not have an established business relationship within the meaning of 47 U.S.C. §227.

**WHEREFORE**, based on facts set forth in the above counts, Plaintiffs demand

(a) the maximum statutory treble damages for Defendants' willful and knowingly violating the TCPA, $148,500.00, plus additional damages for all calls received from Defendants since 3-July-2018,

(b) court filing fees and attorney fees,

(c) such other relief as may be just.

# DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Respectfully submitted without prejudice on this 6th day of October 2018 CE pursuant to 28 USC 1746(1), I declare under penalty of perjury under the laws of the United States of America that the foregoing is to the best of my knowledge true, certain, correct and not misleading.

Executed on the 6th day of October, 2018.

By: _____
Jeffrey Purcell, Plaintiff
*In pro per*

By: _____
Andrea L. Purcell
*In pro per*

Resubmitted

_____ 1-5-2019   Andrea Purcell
                      1-5-2019